SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Paul Norris, ) | No. CV 07-2247-PHX-DGC (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| State of Arizona, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Richard Paul Norris, who is confined in the Arizona State Prison Complex, SMU I, in Florence, Arizona, filed a *pro se* Complaint raising constitutional and other claims without paying the $350.00 civil action filing fee or a proper Application to Proceed *In Forma Pauperis*. (Dkt.# 1 at 2.) In an Order filed on January 22, 2008, the Court gave Plaintiff 30 days to pay the filing fee or to file a complete Application to Proceed *In Forma Pauperis*. (Dkt.# 9.) Plaintiff has filed a complete *in forma pauperis* application, a document captioned "Affidavit of Prejudice," in which he requests reassignment of this action to another judge, and a document captioned "Judicial Notice and Commercial Order to Discharge." (Dkt.# 10, 11, 12.) The Court will grant the *in forma pauperis* application. (Dkt.# 10.) The Court construes the "Affidavit of Prejudice" as a motion for recusal pursuant to 28 U.S.C. § 455, which will be denied.[1] (Dkt.# 11.) To the extent any relief is sought in

---

[1] *Pro se* pleadings should be construed liberally. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

the "judicial notice," such relief will be denied. (Dkt.# 12.) Plaintiff's Complaint will be dismissed without leave to amend as legally frivolous in part and as not having accrued in part. (Dkt.# 1.)

## I. Motion for Recusal.

Section 455(a) provides that a United States judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal under § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Thus, if Plaintiff is dissatisfied with the Court's ruling, his remedy is an appeal. The adverse ruling does not require recusal.

The only basis asserted for recusal in Plaintiff's motion is his disagreement with the Court's rulings in this case. He fails to show that the Court's impartiality might reasonably be questioned for purposes of § 455(a). The motion to recuse will therefore be denied.

## II. Application to Proceed *In Forma Pauperis* and Filing Fee.

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.89. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**III.   Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's Complaint will be dismissed as legally frivolous in part and as barred in part pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).

**IV.   Complaint.**

Plaintiff captions his Complaint as a "Complaint for False Imprisonment of Plaintiff's Creditor." (Dkt.# 1 at 1.) Plaintiff sues the State of Arizona by and through Arizona Attorney General Terry Goddard.

In his Complaint, Plaintiff identifies himself as "Richard Paul Norris © Ens legis an unincorporated trust and juristic person."[2] (Dkt.# 1 at 1.) Plaintiff purports to grant the Court jurisdiction pursuant to the Uniform Commercial Code (UCC) §§ 1-103, 1-301 and he asserts this action sounds in contract, rather than under the Constitution, and that habeas corpus is "ineffective." (Id. at 1-2.) Nevertheless, he also asserts violation of Article I, § 10 of the Constitution for "impairing the obligation of contracts." (Id.) Further, he asserts violations of 18 U.S.C. §§ 1581 and 42 U.S.C. § 1994 regarding involuntary servitude and peonage. (Id.) He also claims violations of United States treaties, based on his purported status as a diplomatic or consular agent, and violation of Supreme Court holdings regarding the "non-

---

[2] Other litigants have made similar assertions, typically in unsuccessful attempts to avoid legal liability for their acts. See, e.g., Miller v. Hassinger, 173 Appx. 948, n. 6 (3d Cir. 2006); Tchakarski v. U.S., 69 Fed. Cl. 218, 219 n. 1 (Fed. Cl. 2005); Hudson v. Caruso, No. 1:05-cv-32, 2007 WL 2363308 at *1 (W.D. Mich. Aug. 16, 2007); American Silver LLC v. Emanuel Covenant Communities, No. 2:06CV843DAK, 2007 WL 1468600 at *2, n. 6 (D. Utah May 17, 2007); Nelson v. Computer Credit, Inc., No. CIV 06-1054 JRT/FLN, 2006 WL 3858243 (D. Minn. 2006); United States v. Cooper, No. CV 05-0821 PHX-DGC, 2006 WL 3716749 at * 1, n. 1 (D. Ariz. Nov. 27, 2006); United States v. Saunders, No. 5:06mc3-RS, 2006 WL 2425515 at *2 (N.D. Fla. Aug. 18, 2006); United States v. Rivera, No. CR.01-60124-HO, Civ.05-6171-HO, 2005 WL 1745563 at *1 (D. Or. Jul. 22, 2005).

1 applicability of law to sovereign entities." (Id.)

2 As the factual basis for his Complaint, Plaintiff alleges that he executed a security
3 agreement, which he filed in Kentucky, making himself his own creditor. As his own
4 creditor, Plaintiff claims a security interest in himself and, in his capacity as his creditor,
5 asserts that he is a sovereign. He maintains that Defendants have failed to rebut affidavits
6 filed by him as his own creditor. Plaintiff further states that as his own creditor, he "declared
7 his Foreign Neutral Status by declaring, certifying, and publicly recording a Mission
8 Statement of In Itinere by Apostille."[3] (Id. at 4.) Plaintiff claims that he, as his creditor, is
9 "falsely imprisoned in a state of peonage and involuntary servitude" and that Defendants
10 have impaired his security interest in himself as creditor. Plaintiff demands that he, in his
11 creditor capacity, and any of his collateral, be released. (Id. at 5.)

12 **V.    Release is Unavailable Pursuant to a Civil Complaint.**

13 To invoke federal court jurisdiction, a litigant must satisfy the threshold requirement
14 imposed by Article III of the Constitution by presenting a live case or controversy. See e.g.,
15 Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005) (citing
16 Allen v. Wright, 468 U.S. 737, 750 (1984)). Plaintiff purports to seek release from
17 incarceration for his convictions and sentences pursuant to the UCC and other provisions.
18 A prisoner's *sole* federal remedy to challenge the validity or duration of his confinement,
19 however, is a petition for a writ of habeas corpus.[4] Preiser v. Rodriguez, 411 U.S. 475, 500

---

21,22 [3] As explained in Ocean Rig ASA v. Safra Nat. Bank of New York, 72 F.Supp. 2d 193, 197 (S.D.N.Y. 1999):

23,24,25,26 An "Apostille" is a certificate of legalization specified by The Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, Fed.R.Civ.P., appended to [Fed. R. Civ. P.] Rule 44. This Convention requires signatory countries to legalize documents by Apostille only; the Apostillization is similar to notarization. . . .

27,28 [4] Plaintiff previously filed a petition for habeas corpus that was dismissed as premature. See Norris v. Schriro, No. CV 07-1300-PHX-SRB (JRI) (D. Ariz. Aug. 3, 2007). Plaintiff's direct appeal of his convictions remain pending before the Arizona Court of Appeals. See http://www.cofad1.state.az.us/casefiles/cr/cr070225.pdf.

(1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). Thus, to the extent that Plaintiff seeks to challenge his convictions and sentences, Plaintiff must commence an action pursuant to 28 U.S.C. § 2254 on the court-approved form. To the extent that the present Complaint seeks Plaintiff's release from custody, it will be dismissed as legally frivolous.

**VI.    Heck v. Humphrey Bar.**

Plaintiff asserts false arrest and imprisonment in part. A claim for false arrest and imprisonment can be the basis for compensatory relief under 42 U.S.C. § 1983. To state a claim under § 1983 for false arrest and imprisonment, a plaintiff must allege facts to support a lack of probable cause for his arrest. See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir.1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir.1991).

Even if Plaintiff brought a claim for false arrest pursuant to § 1983 and alleged sufficient facts to state a claim, this action would be barred under Heck v. Humphrey, 512 U.S. 477, 489 (1994). A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence, may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; *Id*. As noted above, a prisoner's *sole* federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser, 411 U.S. at 500; Docken, 393 F.3d at 1031. That is, a civil rights claim under § 1983 does not accrue until the prisoner has obtained a "favorable termination" of the underlying conviction. See Heck, 512 U.S. at 489; Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

1   Heck, 512 U.S. at 486-87.

2   In short, Plaintiff must obtain a favorable termination of his underlying convictions 3   and/or sentences before he may seek civil relief for false arrest or imprisonment. Because 4   Plaintiff has not yet done so, this action will be dismissed without prejudice to the extent that 5   Plaintiff alleges a claim for false arrest or imprisonment. See Butterfield v. Bail, 120 F.3d 6   1023, 1025 (9th Cir. 1997) (dismissal pursuant to Heck constitutes failure to state a claim 7   under Fed. R. Civ. P. 12(b)(6)).

8   **VII.   Dismissal Without Leave to Amend.**

9   The Court will not grant leave to amend because the defects in Plaintiff's Complaint 10  cannot be cured by amendment. Where amendment would be futile, there is no reason to 11  prolong litigation by allowing further amendments. Lipton v. Pathogenesis Corp., 284 F.3d 12  1027, 1039 (9th Cir.2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) 13  (denial of leave to amend is not an abuse of discretion where further amendment would be 14  futile).

15  **IT IS ORDERED:**

16  (1)   Plaintiff's "Affidavit of Prejudice" is construed as a motion for recusal, which 17  is **denied**. (Dkt.# 10.)

18  (2)   Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Dkt.# 10.)

19  (3)   As required by the accompanying Order to the appropriate government agency, 20  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.89.

21  (4)   Plaintiff's document captioned "Judicial Notice and Commercial Order to 22  Discharge" is **denied** to the extent that any relief is sought. (Dkt.# 12.)

23  (5)   The Complaint is **dismissed with prejudice** except to the extent that Plaintiff 24  asserts a claim for false imprisonment. Plaintiff's claim for false imprisonment is **dismissed** 25  **without prejudice** as not accrued. (Dkt.# 1.)

26  (6)   The Clerk of Court must enter judgment accordingly and must make an entry 27  on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28  28 U.S.C. § 1915(g).

1    DATED this 17th day of March, 2008.

```
                              _____
                                      David G. Campbell
                                  United States District Judge
```